UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEAUTY IT IS INC., <br><br> Plaintiff, <br><br> v. <br><br> DISPENSING TECHNOLOGIES B.V., ONFLAIR B.V., AFA POLYTEK INC., and AFA DISPENSING GROUP B.V. <br><br> Defendants. | Civil Action No. 25-cv-1178 |

## COMPLAINT

Plaintiff Beauty It Is Inc. ("Plaintiff"), by its undersigned attorneys, for its Complaint against Dispensing Technologies B.V. and its parent and affiliate companies ("Defendant"), states as follows:

## NATURE OF THE ACTION

1. Defendant is the owner/inventor of a United States patent, U.S. Patent No. 9,714,133 ("the '133 Patent"). A copy of the '133 Patent is attached hereto as **Exhibit A**.

2. Upon information and belief, on January 20, 2025, Defendant filed a report with Amazon alleging infringement of the '133 Patent.

3. On or about January 20, 2025, Defendant filed a request to suspend Plaintiff's listings by asserting the '133 Patent against Plaintiff through Amazon.com's ("Amazon") Patent Evaluation Express ("APEX") program.

4. Plaintiff, an online retailer of consumer products and owner and operator of the Czbrm storefront on Amazon.com, brings this action for a judgment declaring that the '133 Patent is not infringed, invalid and obtained by inequitable conduct.

- 2 -

## THE PARTIES

5.      Plaintiff is a corporation formed under the laws of the state of New York with an address at 34 Cottage Street, Middletown, New York 10940.

6.      Upon information and belief, Defendant Dispensing Technologies B.V. and its parent corporations, subsidiaries and licensees are corporations organized under the laws of the Netherlands having an address at Achtseweg Zuid 151B, 5651 GW Windhoven, Netherlands.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. §§ 1331, 1338, and 1367.

8.      An actual and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement, invalidity and enforceability of the '133 Patent.AFA

9.      Specifically, on January 22, 2025, Plaintiff received an email from patent-evaluation@amazon.com.  The email stated that Amazon "received a report from a patent owner who believes the items listed at the end of this email infringe their U.S. Patent No. 9,714,133." The items listed included Plaintiff's spray bottle products having the Amazon Standard Identification Numbers ("ASIN") shown below ("Accused Products"):

| B0D1RL32Y8 | B0CJ42S2MD | B0762GP85D |
| --- | --- | --- |
| B0CJ3TX5C1 | B07GRD5WLD | B0CJ3K1MZ6 |
| B07N7RLM7V | B0D1RZX5QB | B0D1S61B92 |

10. The January 22, 2025 email attached a copy of an Amazon Patent Evaluation Express Agreement, which was executed by Michael S. Brandt identified as "Patent Owner." In the executed Agreement, Defendant identified claim 1 of the '133 Patent as the "Patent Claim number for Evaluation."

11. The January 22, 2025 email provided Plaintiff with two options for continuing to sell the Accused Products on Amazon: (1) "resolve [the] claim with the patent owner directly," or (2) "participate in neutral evaluation of the patent owner's claim." The email set a 3-week time period for Plaintiff to make its choice.

12. The January 22, 2025 email concluded by stating that "[i]f [Plaintiff] do[es] not either resolve your claim with the patent owner directly, or agree to participate in the neutral evaluation process, [Amazon] will remove the [Accused Products] from Amazon.com."

13. Accordingly, a definite and concrete dispute exists between Plaintiff and Defendant regarding non-infringement of the '133 Patent.

14. Defendant is subject to specific jurisdiction in this Court, *inter alia*, because it conducts business in the District and has committed at least some of the acts complained of herein within this District.

15. Defendant does business in the State of New York, sells large quantities of spray bottle products to customers in New York, maintain an interactive website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York.

16. Defendant has purposely directed its activities, including the acts against Plaintiff described herein, toward this District and this action arises from those activities.

17. Specifically, at all relevant times, Defendant was aware the Plaintiff resides in New York and that its illegal acts would cause harm to Plaintiff in New York. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's place of business in New York.

18. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendant is subject to personal jurisdiction in this District.

**PLAINTIFF AND ITS BUSINESS**

19. Plaintiff is an online retailer of a wide variety of products. Among the online platforms that Plaintiff uses to offer and sell its products is the Amazon marketplace.

20. The Amazon marketplace is an online e-commerce platform that allows for third parties like Plaintiff to sell products on that platform.

21. Plaintiff offers a wide variety of products on Amazon's marketplace, including spray bottles it sells under the Beautify Beauties brand.

22. Upon information and belief, Amazon is the world's largest online retailer.

23. The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties like Plaintiff with exposure to the world marketplace on a scale that no other online retailer can currently provide.

24. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

25. Plaintiff offered the Accused Products for sale on Amazon since approximately August 22, 2018.

## THE '133 PATENT

26. On September 20, 2012, Defendant filed the application for the '133 Patent with the USPTO (the "Application").

27. The Application identified Wilhelmus Johannes Joseph Mass, Petrus Lambertus Wilhelmus Hurkmans, Paolo Nervo, and Aaron S. Haleva as the inventors of the subject matter claimed in the Application.

28. Upon information and belief, Dispensing Technologies B.V. is the owner by assignment of the '133 Patent.

29. The '133 Patent, entitled Metered And Active Sprayer Devices With Aerosol Functionality," issued on July 25, 2017.

30. Asserted Claim 1 of the '133 Patent requires, *inter alia*, a "a piston and piston chamber," "channel in fluid communication with [a] pressure chamber," and "a piston chamber outlet valve provided between said channel and said piston chamber." At least "a piston chamber outlet valve provided between said channel and said piston chamber" is absent from Plaintiff's spray bottle products.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement)

31. Plaintiff repeats and realleges the allegations of Paragraphs 1–30 as if fully set forth herein.

32. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

33. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged infringement of the '133 Patent due to the assertion of the '133 Patent against Plaintiff.

34. Plaintiff has not infringed and does not infringe any valid claim of the '133 Patent directly or indirectly, either literally or under the doctrine of equivalents.

35. In view of the foregoing, Plaintiff is entitled to a judgment declaring that Plaintiff's spray bottle product does not infringe the '133 Patent.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment of Patent Invalidity)**

36. Plaintiff repeats and realleges the allegations of Paragraphs 1–35 as if fully set forth herein.

37. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

38. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the '133 Patent due to the assertion of the '133 Patent against Plaintiff.

39. The '133 Patent is invalid for failure to comply with at least 35 U.S.C. §§ 102 and/or 103.

40. In view of the foregoing, Plaintiff is entitled to a judgment declaring that the '133 Patent is invalid under at 35 U.S.C. §§ 102 and/or 103.

## THIRD CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement and Unenforceability)**

41. Plaintiff repeats and realleges the allegations of Paragraphs 1–40 as if fully set forth herein.

42. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

43. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged enforceability of the '133 Patent due to the assertion of the '133 Patent against Plaintiff.

44. Plaintiff is entitled to a judgment declaring that the '133 Patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable, and that the Accused Products do not infringe the '133 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Declaring that (1) the '133 Patent is invalid and unenforceable and (2) that Plaintiff has not infringed the '133 Patent;

B. Preliminary and permanent injunctive relief restraining Defendants and their agents, servants, employees, successors and assigns, and all others in concert and privity with them from filing false complaints with Amazon, and any other e-commerce platform, regarding the Accused Products;

C. Declaring this action an exceptional case under 35 U.S.C. § 285;

D. Awarding Plaintiff its attorney's fees and costs incurred in this Action; and

E. Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury.

Dated: February 10, 2025                Respectfully submitted,

                                                 TARTER KRINSKY & DROGIN LLP

By: *s/ Tuvia Rotberg*
    Tuvia Rotberg
    1350 Broadway
    New York, NY 10018
    Tel.: (212) 216-8000
    Fax: (212) 216-8001
    E-mail: trotberg@tarterkrinsky.com

    ***Attorneys for Plaintiff***